UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA GRIFFITHS | CIVIL ACTION |
| VERSUS | CASE NO. 2:18-cv-6942 |
| AETNA LIFE INSURANCE COMPANY | ERISA CLAIM |

## COMPLAINT

The Complaint of Barbara Griffiths' respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. § 1001, et. seq; 29 U.S.C. §. 1132(e)(1)(2).

3. Plaintiff, Barbara Griffiths, of lawful age, domiciled and residing in Edwardsville, Kansas, is a plan participant and beneficiary of an ERISA plan created by her employer, Adventist Health System and an insured participant of a group disability policy issued by Aetna Life Insurance Company.

4. Defendant, Aetna Life Insurance Company **("AETNA")**, is a foreign insurance company authorized and doing business in Louisiana.  Upon information and belief, Aetna is incorporated in Hartford, Connecticut and its principal place of business is in the State of Connecticut.  Aetna is therefore a citizen of the State of Connecticut.

5. **AETNA** issued a group policy number 0737451, insuring the employees of Adventist Health System.  Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 U.S.C. § 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff suffers from Alzheimer's disease, white matter lesions in the brain, cognitive impairment, and several other comorbidities conditions which preclude her from working as of July 8, 2017.

9. Ms. Griffiths disabling symptoms are noted throughout her medical records and establish that she suffers from memory loss, distorted vision, difficulty in processing and computing, anxiety, depression, and multiple other conditions all related to Alzheimer's disease.

10. Plaintiff is disabled under the terms of the disability policy issued by AETNA. Indeed, AETNA's department had agreed that she was disabled under the terms of the group insurance policy such that she would qualify for continuing coverage under that policy without payment of premiums.

11. Plaintiff's doctors have fully supported her disability claim.

12. AETNA terminated Ms. Griffiths disability benefits by letter of August 15, 2017. AETNA relied on its reviewing consultant's opinion that there is insufficient evidence demonstrating or supporting a functional impairment precluding her from performing her own occupation as a centralized scheduler effective July 8, 2017.

13. Plaintiff appealed the denial on November 8, 2017

14. AETNA unlawfully denied Plaintiff's benefits that she is entitled to under the terms of the disability policy.

15. Plaintiff appealed the denial, but AETNA upheld its previous decision.

16. AETNA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

17. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse AETNA's denial of benefits.

18. AETNA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

19. AETNA has abused its discretion by failing to consider the disabling synergistic effect of all of Plaintiff's medical conditions.

20. AETNA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

21. AETNA's decision was motivated by a financial conflict of interest.

22. AETNA administered Plaintiff's claim with an inherent and structural conflict of interest as AETNA is liable to pay benefits from its own assets to Plaintiff and each payment depletes AETNA's assets.

23. AETNA has failed to give the policy and Plan a uniform construction and interpretation.

24. AETNA has failed to follow or provide a reasonable claims procedure.

25. AETNA has abused its discretion by interpreting policy language in an unreasonable manner in order to suit its interests.

26. AETNA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

27. As a routine business practice, AETNA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

28. AETNA's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

29. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

30. Plaintiff is entitled to an award of interest on all money that the Defendant should have paid to Plaintiff.

31. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For the cost of filing suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted:

*/s/ James F. Willeford*
James F. Willeford (Bar No. 13485)
Reagan L. Toledano (Bar No. 29687)
**WILLEFORD & TOLEDANO**
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Ph.: (504) 582-1286; Fax: (313) 692-5927
Email: jimwilleford@willefordlaw.com